UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Jose L. Linares |
| v. | : | Criminal No. 13-811 |
| CONVERGEX GROUP, LLC | : | 18 U.S.C. §§ 1343, 1349 |

## INFORMATION

The defendant having waived in open court prosecution by indictment, the United States charges:

### COUNT ONE
(Conspiracy To Commit Securities And Wire Fraud)

1. At all times relevant to this Information:

    a. ConvergEx Group, LLC ("CONVERGEX GROUP") was a parent company that owned several operating subsidiaries, including broker-dealers and related companies offering brokerage services to U.S. and foreign institutional clients.

    b. Certain of these broker-dealers offered their clients "agency brokerage" services for equities (the "Agency Brokers"). ConvergEx divisions offering global trading and global transition management services through the Agency Brokers disclosed to clients that the Agency Brokers would charge commissions for their services.

    c. ConvergEx Global Markets Limited ("CGM Limited") was a wholly owned subsidiary of CONVERGEX GROUP incorporated and headquartered in Bermuda. CGM Limited was a registered

broker-dealer in Bermuda. The ConvergEx divisions offering global trading and global transition management services through the Agency Brokers regularly routed certain orders for the purchase or sale of securities to CGM Limited, which traded securities on a riskless principal basis. In general, a "riskless principal" trade occurs when a broker-dealer, after receiving a customer order to buy (or sell) a security, buys (or sells) the security for its own account from (or to) another person in a contemporaneous offsetting transaction and then allocates the shares to the customer order. CGM Limited regularly included a mark-up (an additional amount paid for the purchase of a security) or mark-down (a reduction of the amount received for the sale of a security) when executing orders routed by the Agency Brokers for non-fiduciary clients, and the price reported to these clients by the Agency Brokers included any mark-up or mark-down included by CGM Limited. Employees of CONVERGEX GROUP and certain of its subsidiaries referred to such mark-ups and mark-downs as either "spread," "trading profits," or "TP."

      d.    G-Pro was an order management system that Agency Brokers' sales traders used to transmit client orders to CGM Limited. Traders at CGM Limited also used G-Pro to record information related to the execution of clients' trade orders, including the prices CGM Limited obtained and any spread it

added that was ultimately included in the prices provided to clients. Beginning at least by in or about March 2010, the G-Pro order management system passed data through (and stored data on) a server located in Carlstadt, New Jersey.

   e. As relevant here, a time and sales report was a report that summarized each of the individual transactions, called "fills," that were entered into to execute an order. For each fill, an accurate time and sales report should have identified the number of shares involved in the trade, the time at which the trade was executed on the local exchange, and the price at which the shares involved in the trade were either purchased or sold on the local exchange.

   f. Real-time fill data (i.e., an immediate data feed of the details of the trades that CGM Limited received from a broker in the local market) should have shown the client the times, prices, and number of shares bought or sold on the exchange.

The Conspiracy

  2. From at least in or about 2006 through at least in or about August 2011, in Bergen County, in the District of New Jersey, and elsewhere, defendant, CONVERGEX GROUP, did knowingly and intentionally conspire and agree with others known and unknown to the United States: (1) to devise and intend to devise a scheme and artifice to defraud clients of

the Agency Brokers, and to obtain money from clients of the Agency Brokers, by means of false and fraudulent pretenses, representations, and promises; and, for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted writings, signs, signals, pictures, and sounds by means of wire, radio, and television communications in interstate and foreign commerce, in violation of Title 18, United States Code, Section 1343; and (2) to knowingly execute and attempt to execute a scheme and artifice to defraud clients of the Agency Brokers, and to obtain money from clients of the Agency Brokers, by means of false and fraudulent pretenses, representations, and promises in connection with the purchase and sale of securities of issuers with a class of securities registered under Section 12 of the Securities Exchange Act, in violation of Title 18, United States Code, Section 1348.

### Object of the Conspiracy

3.  The object of the conspiracy was for defendant CONVERGEX GROUP and others known and unknown to the United States to hide from the Agency Brokers' clients CGM Limited's practice of taking spread income, and when clients of the Agency Brokers requested information that could lead to the discovery that spread was being taken by CGM Limited, to deceive, mislead, and make materially false statements to such clients in order to earn substantial spread income from the

Agency Brokers' clients.

## Manner and Means of the Conspiracy

4. It was a part of the conspiracy that the conspirators would take steps designed to conceal the fact that CGM Limited was taking spread.

5. It was a part of the conspiracy that the conspirators would make affirmative misrepresentations to hide from clients the fact that spread was being taken.

6. It was a part of the conspiracy that when a client would request a time and sales report for a trade that included spread, conspirators would create a false time and sales report containing data from other trades on the exchange that were not the client's trades, and would send such false report to the client, in order to hide the fact that spread had been included in the price.

7. It was a part of the conspiracy that conspirators would willfully violate instructions from one large asset-management client to provide real-time fill information in order to hide the fact that spread was being included in the prices provided to the client, and would make false statements to the client when the client would inquire about why real-time fill information was not being provided.

8. It was a part of the conspiracy that the Agency Brokers would receive orders for the purchase or sale of

securities from clients to whom affirmative misrepresentations had been made, or to whom a false time and sales report had been provided, and would transmit such orders to CGM Limited by entering the orders into G-Pro.

9.   It was a part of the conspiracy that CGM Limited would execute orders received from the Agency Brokers for clients to whom affirmative misrepresentations had been made, or to whom a false time and sales report had been provided, by trading in a riskless principal capacity and recording the amount of any spread taken in G-Pro.

In violation of Title 18, United States Code, Section 1349.

## COUNT TWO
(Wire Fraud)

10. The allegations set forth in paragraphs 1, and 3 through 9 are repeated as though set forth herein.

11. On or about January 6, 2011, in Bergen County, in the District of New Jersey, and elsewhere, having devised and intending to devise a scheme and artifice to defraud clients of the Agency Brokers, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, defendant, CONVERGEX GROUP, for the purpose of executing and attempting to execute the scheme and artifice, did knowingly and intentionally transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce certain writings, signs, signals, pictures, and sounds, to wit, a data transmission from Bermuda to the G-Pro server in Carlstadt, New Jersey, recording a mark-up of $73,710.07 on a client's purchase of Resona Holdings Inc. stock.

In violation of Title 18, United States Code, Section 1343.

JEFFREY H. KNOX
Chief, Fraud Section


By: _/s/ Justin Goodyear_
Justin Goodyear
Jason Linder
Patrick M. Pericak
Trial Attorneys

7